IN THE U.S. MIDDLE DISTRICT COURT OF FLORIDA

EDGAR SEARCY
    Movant

V                              Case No.    6:06-CV-763-ORL-22DAB

MICROSOFT CORPORATION;
AMERICAN ON LINE CORPORATION;
U.S. ATTORNEY GENERAL
    Respondants                )

PETITION TO ENFORCE THE CRIME VICTIMS RIGHTS ACT
(Pursuant to 18 USC 3771(c)(3))

Comes now the movant Edgar Searcy, pro se, and pursuant to 18 USC 3771(c)(3) petitions this court to enforce the Crime Victims Rights Act. And states:

## JURISDICTION

Jurisdiction is envoked under the Crime Victims Rights Act, (C.V.R.A.) 18 USC 3771.

> "The CVRA gives crime victims direct standing to vindicate their procedural and substantive rights in criminal cases independently of prosecutors. (See 18 USC § 3771(d)) and also imposes on the judiciary an affirmative obligation to ensure that those rights are afforded. Id § 3771(b). "U.S. V Turner 367 F.Supp.2d 319, 322 (E,D,N.Y. 2005).

Quoting from 18 USC 3771(d)(3): "if no prosecution is underway, in the district court in the district in which the crime occured. The district court shall take up and decide any motion asserting a victims rights forthwith."

## MEMORANDUM

## BACKGROUND

1. BETWEEN january 2003 and April 2003 the movant was a computer user with operating systems installed that were designed, manufactured,

and utilized by Microsoft corporation and American On Line (A.O.L.) while operating on the internet. The movant used the computers in the jurisdiction of the Middle District of Florida, while located in Brevard County Florida.

2. In January, 2004, a computer expert testified that he had found data on the hard drive of one computer, which was surreptitiously intercepted by the software without the users knowledge. The data had been recorded in a hidden file and consisted of information that was located on the internet web site, and that had been sent by E-mail.

3. Surreptitiously intercepting computer activity taking place on the internet is a crime, in violation of 18 USC 2510-2522, chapter 119. Congress amended chapter 119 to include interception of internet communications in 1998, and numerous cases have been filed to address similar crimes raised below, one such case involving the criminal prosecution of individuals who planted serreptitious interception software in the victims computer. See Diaz V Parks, 420 F.3d 897, (9th Cir. En Banc 2005).

4. In 2005 the movant filed a civil complaint against the respondants (microsoft and AOL corporations) to address the crime of surreptitiosly intercepting computer communications.

5. In 2005 the movant wrote an unanswered letter to the Assistant U.S. Attorney for the Middle District of Florida, requesting a prosecution and assistance in obtaining a temporary restraining order, as authorized by statute (§ 2522) to prevent any furthure criminal activity from occuring.

ARGUMENT

Congress created the C.V.R.A. to vindicate victims procedural and substantive rights and grant an independant procedure to obtain relief under the C.V.R.A. After the presidents task force on victims of crime issued a report demonstrating that courts, prosecutors, and law enforcement officers too often ignored or too easily dismissed the legitimate interests of crime victims, the C.V.R.A. was enacted to guarentee victims rights and impose on the judiciary an affirmative obligation to ensure that those rights are afforded. The Department of Justice has written guidelines for victims and witness assistance. (See U.S. V Turner, Id, and www.OJP.US-doj.gov/ovc).

The movant has the right to be reasonably protected from the accused. See 18 USC 3771(a)(1); the right to proceedings free from unreasnable delay, and the right to be treated with fairness and with respect for the victims dignity and privacy. see § 3771(a)(7) & (8).

18 USC 2521 provides an exclusive provision for an injunction that protects persons from being subjected to the continuance of criminal acts:

> "Whenever it shall appear that any person is engaged or is about to engage in any act which constitutes or will constitute a felony violation of t is chapter . . ." 18 USC 2521

§ 2521 CORRESPONDS WITH THE PROVISIONS OF THE C.V.R.A., creating a generic and mandatory provision when a victim believes that the crime will continue. See 18 USC 3771(c)(1), ("officers and employees of the D.O.J. and other departments and agencies of the U.S. engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victins are notified of, and accorded the rights described in subsection (a).")

An evidentiary hearing is appropriate to enable the movant to present evidence and testimony, after the D.O.J. and other agencies assist the movant in generating the evidence, and accord a hearing on the issue of criminal activity by the respondants (microsoft and AOL), and form relief accordingly.

The court has an affirmative obligation to ensure that the rights are afforded. (See U.S. V Turner, Id).

The movant has a right to be present at all states of proceedings associated with the crime, expressly while pursuing an injunction to protect from continued activity. (See § 3771(a)(2) & (3). A writ of habeas corpus Ad Testificundum is necessary to transport the movant to this hearing, or the hearing held by videoconferencing.

Softwhare manufactured, and used by the respondants (Microsoft and AOL) surreptitiously intercepted computer activy by placing a program in the software that recorded activity on the internet, including activity that users perform on the websites, and by E-mail. Testimony has produced the fact that the movants computer contained such criminal inter eptions. Furthure testimony is due in this case by said expert, for the prosecution of the respondants. Additional testimony is available from other sources, in which information was obtained in other citizens situations, which involve surreptitious inter ention of the citizens activity on web sites such as "E-harmony" a dating website, what customers ads were viewed by the victim, and private information found on the websites which are clasified info. This information found on the internet should be presented to demonstrate a reason for an injunction, to address the wide spread criminal activity.

Congress instructed that "officers and employees of the D.O.J. and other departments and agencies of the U.S. engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a).[of § 3771]. These investigators should present evidence in this case. To do so, they should be identified. The Attorney general was assigned the Task of creating Regulations by October 2005 which "enforce the rights of crime victims and to ensure compliance with the obligations described in law." (See § 3771(f) in it's entirety). The attorney general has the final arbiter of the complaint, and is required to assign an office and authority to receive, investigate, and enforce complaints. No regulation is locatable by the movant, and no services have been provided, nor has the movant been "notified". The attorney general should be ordered to comply with the provisions of the C.V.R.A. and comply with the orders of Congress.

Wherefore the movant prays this honorable court shall:

1. Grant an order of enforcement of the provisions of 18 USC 3771, known as the Crime Victims Rights Act, with specific attention given to the protections of the movant from any furthure criminal activity and the general possibility that this crime is occuring to other unsuspecting persons, through an injunction as provided by law.

2. Order the Attorney general to perform his duties as required by law, and have all appropriate agencies and officers of D.O.J. contact the movant and do as is needed to address the problems raised above, and testify accordingly.

3. Hold an evidentiary hearing accordingly.

4. Grant any such other relief which is just and fair.

                                    Respectfully submitted,

                                    Edgar Searcy pro se
                                    Reg. No. 04726-031
                                    F.C.I.
                                    P.O. BOX 699
                                    Estill SC  29918