**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDGAR SEARCY,**

                **Plaintiff,**

**-vs-**                                                         **Case No. 6:06-cv-763-Orl-22DAB**

**MICROSOFT CORPORATION,**
**AMERICA ONLINE CORPORATION,**
**AND THE U.S. ATTORNEY GENERAL,**

                **Defendants.**
_____

**REPORT AND RECOMMENDATION FOR DISMISSAL**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** November 7, 2000
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In order to proceed *in forma pauperis*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's complaint is barred by res judicata. Plaintiff is a prisoner incarcerated at a Federal Corrections Institute in South Carolina. He previously filed a nearly "identical complaint for money damages" against Microsoft Corporation and America Online in this Court, which was transferred to the Ocala Division last year while he was a prisoner

at Coleman Federal Prison. *See* Civ. No. 6:04cv121817-31DAB; Civ. No. 5:04cv00570-WTH-GRJ. In the Ocala case, Plaintiff alleged that Microsoft and America Online engaged in a violation of federal law prohibiting wire and electronic communications interception by manufacturing, distributing, and using software on computers "that surreptitiously intercepts activity that occurs through the internet." Plaintiff alleged that from 1995 through 2004, Defendants "illegally intercepted" Plaintiff's emails and use of the internet while he used computers located in public libraries. Judge Jones determined Plaintiff's action was due to be dismissed because the complaint failed to state a claim upon which relief may be granted, and because the action was patently frivolous:

> Although a complaint submitted by a *pro se* plaintiff is held to a less stringent standard than that submitted by a licensed attorney, and is construed as alleging all fairly and reasonably inferred claims, a *pro se* litigant must allege the essential elements of a claim for relief. Here, the Court can only speculate as to whether Plaintiff has alleged essential elements of a claim because it is unclear what that claim is. Indeed, the complaint fails to identify *any* discreet claims, but rather recites disjointed allegations about some type of secret device which Defendants (either individually or together) implanted into publicly-used computers in Defendants' effort to "illegally" track and expose to unidentified entities the internet and email activities of computer users. Such vague and conclusory ramblings fail to articulate a cognizable claim supported by essential elements, and consequently frustrate the ability of a defending party to respond to the "merits" in a meaningful way.
>
> Beyond these problems, to the extent that Plaintiff's allegations could be construed as a violation of his privacy rights by Defendants vis-a-vis their distribution of software which ultimately subjects Plaintiff to the threat of online "hackers," Defendants could not be held liable as a matter of law. Likewise, they could not be held liable for the manufacture and distribution of software, which, while making internet access possible, also presents the threat of virus or spyware infiltration. Based on the foregoing, reading the complaint as alleging "all fairly and reasonably inferred claims," it is subject to dismissal because it fails to state a claim upon which relief can be granted. Furthermore, in undertaking the instant frivolity review, the Court cannot overlook Plaintiff's extensive history of filing frivolous litigation in this and other Courts. Plaintiff, who is presently serving an 11-year federal sentence at Coleman FCC, has filed at least 22 federal cases in the past several years, and has been involved

> in a total of 31 cases either as a named plaintiff or other party.[1] In every case brought by him, the Court dismissed Plaintiff's claims outright or entered summary judgment against him. In eight cases, the Court found that Plaintiff's claims were frivolous. The Eleventh Circuit has stated that "if a plaintiff - especially a prisoner plaintiff - has a long history of bringing unmeritorious litigation, the court can consider that fact in deciding to dismiss a questionable claim." The Court does take Plaintiff's history of filing frivolous litigation into consideration, and, based on the lack of factual and legal bases for bringing suit, concludes that this action also should be dismissed as patently frivolous.

*Searcy v. Microsoft Corporation et al.*, Case No. 5:04-cv-570-WTH-GRJ (April 4, 2005) (citing *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F. 2d 636, 641 (11th Cir. 1990)). Judge Jones' Report and Recommendation was adopted and Plaintiff's complaint was dismissed with prejudice on May 18, 2005. Doc. Nos. 18, 19 in 5:04-cv-570-WTH-GRJ.

In this latest version, Plaintiff once again alleges that while using a computer operating system installed, designed, and manufactured by Microsoft Corporation and American Online, the system "surreptitiously intercepted" his data and activity. Doc. No. 1 at 2 (for dates between January 2003 and April 2003). Plaintiff refers to his prior 2005 "civil complaint against [Microsoft and America Online]" that he filed "to address the crime of surreptitiously intercepting computer communications." *Id*. Plaintiff's allegations are virtually identical to his 2005 claims which were transferred to Ocala

---

[1] The following is the comprehensive list of cases Judge Jones listed: 3:91-cv-01081-SHB *Searcy v. Staggers* (filed 12/19/91); 3:91-cv-01085-HES *Searcy v. Harrison* (filed 12/19/91); 3:93-cv-00480-HES *Searcy v. Hodges* (filed 04/07/93); 3:95-cv-00616-JHM *Searcy v. Milner* (filed 07/14/95); 5:92-cv-00056-JHM *Searcy v. Booth* (filed 03/23/92); 5:92-cv-00207-WTH *Searcy v. Singletary* (filed 10/13/92); 5:04-cv-00570-WTH-GRJ *Searcy v. Microsoft Corporation* (filed 12/13/04); 6:04-cv-01817-GAP-DAB *Searcy v. Microsoft Corporation* (filed 12/13/04); 8:91-cv-01071-SDM *Searcy v. Singletary* (filed 08/21/91); 8:91-cv-01401-WJC *Searcy v. Hill* (filed 10/02/91); 8:91-cv-01402-WJC *Searcy v. Escobar* (filed 10/02/91); 8:91-cv-01403-UA *Searcy v. Young* (filed 10/02/91); 8:91-cv-01604-SDM *Searcy v. Staggers* (filed 11/13/91); 8:91-cv-01695-UA *Searcy v. Singletary* (filed 11/27/91); 8:91-cv-01720-ACC *Searcy v. Staggers* (filed 12/04/91); 8:91-cv-01721-HES *Searcy v. Singletary* (filed 12/04/91); 8:91-cv-01751-SDM *Searcy v. Singletary* (filed 12/09/91); 8:91-cv-01852-RWN *Searcy v. Staggers* (filed 12/20/91); 8:91-cv-01880-WTH *Searcy v. Singletary* (filed 12/27/91); 8:92-cv-00736-RWN *Searcy v. Singletary* (filed 06/02/92); 8:92-cv-00737-ACC *Searcy v. Real Property* (filed 06/02/92); 8:92-cv-00935-SDM *Searcy v. Peel*; 5:97-cv-3375 *Searcy v. Gover* (D. Kan. 1997); 3:95-cv-3388 *Searcy v. Finney* (D. Kan. 1995); 8:92-cv-935 *Searcy v. Peel* (M.D. Fla. 1992); 8:91-cv-1880 *Searcy v. Singletary* (M.D. Fla. 1992); 5:92-cv-56 *Searcy v. Booth* (M.D. Fla. 1992); 8:91-cv-1852 *Searcy v. Staggers* (M.D. Fla. 1991); 8:91-cv-1720 *Searcy v. Staggers* (M.D. Fla. 1991); 8:91-cv-1721 *Searcy v. Singletary* (M.D. Fla. 1991).

and dismissed for failure to state a claim and because the suit was patently frivolous. The only difference in this subsequent suit is that Plaintiff attempts to find a new avenue under which to find redress, the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771(c)(3). Plaintiff contends that he is entitled to relief under the CVRA because he wrote an unanswered letter to the Assistant United States Attorney for the Middle District of Florida, requesting investigation and prosecution of Microsoft and America Online arising from his allegations.

In addition to the erudite reasoning in Judge Jones' Report as quoted above, Plaintiff's claims in this subsequent suit are barred by the doctrine of res judicata. Under res judicata, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.,* 244 F. 3d 1289, 1296 (11th Cir. 2001). "A party seeking to invoke *res judicata* must show that the prior decision 1) was rendered by a court of competent jurisdiction; 2) was final; 3) involved the same parties or their privies; and 4) involved the same causes of action." *Trustmark Ins. Co. v. ESLU, Inc.,* 299 F. 3d 1265, 1269 (11th Cir. 2002) (internal citation omitted). *Res judicata* acts as a bar "to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* at 1270 n.3.

In the Ocala case, Judge Hodges entered an order adopting Judge Jones' Report and Recommendation; judgment was entered the next day dismissing Plaintiff's complaint with prejudice. Plaintiff appealed from the final judgment and the appeal was eventually dismissed by the Eleventh Circuit for Plaintiff's failure to pay the filing fee. Thus, the prior decision by the Ocala Division was a final decision involving Plaintiff, Microsoft, and America Online. The 2005 decision also involved Plaintiff's virtually identical allegations concerning spyware or "surreptiously intercepted computer communications." Although Plaintiff attempts to invoke jurisdiction under a new statute, the CVRA,

this makes no difference because *res judicata* acts as a bar "to *all* legal theories and claims arising out of the same operative nucleus of fact." *Id.* at 1270 n.3 (emphasis added). The allegations in Plaintiff's current Complaint (Doc. No. 1) clearly arise out of the same nucleus of operative facts as his 2005 Ocala complaint in Case No. Case No. 5:04-cv-570-WTH-GRJ.

**It is recommended that Plaintiff's application be denied and that this action be dismissed on the basis of *res judicata*.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 11, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy